IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-03194-CV-S-RK-P |
| | ) | Crim. No. 09-03012-03-CR-1-S-RK[1] |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Movant Michael Mitchell's ("Movant")'s motion to vacate and correct his sentence as an armed career criminal under 28 U.S.C. § 2255, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the Armed Career Criminal Act ("ACCA")'s residual clause is unconstitutional. The Government opposes the motion, arguing that *Johnson* does not affect Movant's sentence and he remains an armed career criminal because his ACCA predicate offenses were serious drug offenses or violent felonies under the enumerated offenses clause, not under the residual clause. The Government also argues that Movant's motion is not timely because Movant seeks relief based on statutory interpretation principles set forth in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and does not rely on the new rule of law announced in *Johnson*. For the reasons stated below, Movant's motion is **GRANTED**, Movant's sentence is **VACATED**, and a resentencing hearing is **ORDERED**.

## Background

On February 24, 2009, a grand jury returned a one-count indictment, charging Movant with being a felon unlawfully in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). (Crim. doc. 1.)[2] On May 13, 2009, Movant pleaded guilty to Count

---

[1] Movant's criminal case was originally assigned to District Judge Richard E. Dorr with Case No. 09-0312-03-CR-1-S-RED. On May 20, 2016, Movant's criminal case was reassigned and transferred to District Judge Roseann Ketchmark and was assigned this new Case No.

[2] "Crim. doc." refers to the docket number entries in Movant's criminal case, Case No. 09-03012-01-CR-S-RED. "Doc." refers to the docket number entries in Movant's civil case, Case No. 16-03194-CV-S-RK. Page number citations refer to the page numbers assigned by the CM/ECF system.

One (crim. doc. 16) pursuant to a plea agreement, wherein Movant agreed "that he [was] an armed career criminal under 18 U.S.C. § 924(e)" (crim. doc. 15 at 1).

A presentence investigation report ("PSR") was prepared on August 10, 2009. (Crim. doc. 18.) The PSR stated that Movant met the armed career criminal provisions of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4, and then listed six of Movant's Missouri convictions. The six convictions listed were as follows: (1) a 1991 conviction for second-degree burglary; (2) a 1996 conviction for sexual assault; (3) a 2000 conviction for possession of ephedrine with intent to manufacture methamphetamine; (4) a 2001 conviction for first-degree burglary; (5) a 2001 conviction for manufacturing methamphetamine; and (6) a 2001 conviction for second-degree burglary. (Crim. doc. 18 at 6.)

Because the sentencing Court and Movant agreed that at least three of those convictions were "violent felonies" or "serious drug offenses," (*see* crim. doc. 15 at 3), Movant was classified as an armed career criminal under Section 924(e)(1) of the ACCA and subject to an enhanced statutory-mandated sentence of no less than fifteen years' imprisonment. On September 9, 2009, Movant was sentenced to a fifteen-year term of imprisonment, and a five-year period of supervised release. (Crim. doc. 21 at 2.)

Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on July 29, 2011, arguing that 18 U.S.C. § 922(g)(1) violated the Second Amendment and due process of law. The Court denied the motion on October 4, 2011, in *Mitchell v. United States*, No. 11-03280-01-CV-S-RED-P. After the Supreme Court decided *Johnson*, Movant filed a petition for authorization to file a successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, which the Eighth Circuit Court of Appeals granted on May 17, 2016. *Mitchell v. United States*, No. 15–2395. The instant case was then filed.

## Standard of Review

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." *Hardman v. United States*, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); *see*

*also Hardman v. United States*, 191 F.Supp.3d 989, 992–93 (W.D. Mo. 2016) (denying Government's motion for reconsideration on the issue of the burden of proof).

## Discussion

1.  **Timeliness of Movant's Motion**

There is a one-year statute of limitation period for a defendant to file a § 2255 habeas action. 28 U.S.C. § 2255(f). This one-year period runs from the latest of the following four possible events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which an applicable impediment made by the government is removed;
>
> (3) the date on which a new rule of law was handed down if deemed retroactively applicable to cases on collateral review; or
>
> (4) the date newly discovered applicable facts were discovered.

*Id.*

Movant's conviction became final on September 23, 2009. Movant's initial unsuccessful motion under § 2255 was dismissed with prejudice on October 4, 2011. *Johnson* was decided on June 26, 2015. Movant filed this instant motion on June 22, 2016. *Mathis* was decided on June 23, 2016.

Movant argues that his claims are based on *Johnson*, and since *Johnson* announced a new rule of law that applies retroactively to his 2009 sentence, his motion is timely under 28 U.S.C. § 2255(f)(3). The Government argues that Movant's claims are not based on *Johnson*, but are rather based on statutory interpretation principles set forth in the *Mathis* line of cases; therefore, Movant's motion is untimely because § 2255(f)(3) is not triggered by *Mathis*. The Government further argues that because the claims are based on the *Mathis* line of cases, Movant should have raised them in a direct appeal in 2009. Because Movant failed to raise those claims in a direct appeal, the Government argues, Movant procedurally defaulted those claims and should now be barred from raising them in this proceeding.

As discussed below, Movant's claims are based on *Johnson*, and his motion is timely. Additionally, Movant's procedural default is excused because his sentence is in excess of that allowed by law.

## 2. **Application of *Johnson* and *Mathis***

*Johnson* invalidated the residual clause of the ACCA, which was the announcement of a "new" rule that is retroactively applicable on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). *Mathis,* on the other hand, did not announce a "new" rule, *United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016); it merely clarified when a court can use the modified categorical approach. *Mathis*, 136 S. Ct. at 2257. Therefore, *Johnson* – a "new rule" – triggers § 2255(f)(3)'s timeliness requirement, while *Mathis* – an "old rule" – does not. Key to determining whether Movant's motion is timely, then, is determining which case – *Johnson* or *Mathis* – entitles him to relief.

At issue in *Johnson* was whether the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. The ACCA requires the enhanced statutory range of punishment for anyone convicted of violating § 922(g) if the person has three previous convictions that qualify as either a "violent felony" or as a "serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" is defined under the ACCA as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"); "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated clause"); or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id*. § 924(e)(2)(B)(i), (ii). The *Johnson* Court held that a sentence that was enhanced under the residual clause of the ACCA violates the Constitution's guarantee of due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The United States Supreme Court then held that the rule articulated in *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1258.

In *Mathis*, the Supreme Court addressed the enumerated offenses clause of the ACCA. *Mathis*, 136 S. Ct. at 2248–53. In determining whether a prior conviction qualifies as an ACCA predicate conviction under the enumerated clause, the Court utilizes four steps. In step one, the focus is solely on comparing the underlying elements of the criminal statute involved in the prior conviction with the elements involved in the enumerated offense. The elements of the underlying criminal statute must categorically (or completely) match the elements of the generic definition of the enumerated offense for a conviction under that statute to always qualify as an ACCA enumerated offense. This step one approach is called the "categorical approach." If the criminal statute contains all of the elements but also includes additional aspects of how the crime

can be committed, it is "overly-broad," and the analysis then proceeds to step two. In step two, a determination is then made as to whether the additional or over-inclusive aspects of the criminal statute set forth alternate means or set forth alternate elements. If the over-inclusive aspects are determined to be alternate means, then the analysis stops and the criminal statute cannot ever qualify as a predicate offense under the enumerated clause. If the over-inclusive aspects are determined to be alternative elements, then the analysis proceeds to step three. Step three involves the determination of whether the criminal statute is divisible or not. An over-inclusive criminal statute has a divisible structure when the statute defines multiple crimes by listing one or more elements in the alternative. *United States v. Lamb*, 847 F.3d 928, 931 (8th Cir. 2017). If the criminal statute is divisible, then you proceed to step four. In step four the "modified categorical approach" is utilized to allow a court to review certain case documents from the prior state proceedings to determine if the elements proven for the conviction (rather than the facts that led to the conviction) categorically match the elements of the generic offense. If there is a complete match, then under this "modified categorical approach" the prior conviction would qualify as a predicate offense under the enumerated clause. *Mathis*, 136 S. Ct. at 2248-53.

The underlying criminal convictions in *Mathis* involved the Iowa burglary statute. 136 S. Ct. at 2250. Specifically, the Court held that the elements of Iowa's burglary statute—which apply to "any building, structure, [or] land, water, or air vehicle"—are broader than those of generic "burglary"—which requires unlawful entry into a "building or other structure." *Id.* The Court then found the additional aspects of the statute allowing for a burglary of "land, water, or air vehicle" were alternate "means" of committing the offense rather than alternate "elements" of committing the offense. *Id.* Therefore, the Iowa burglary statute was found to not be divisible, and the prior convictions under the Iowa burglary law could not give rise to a sentence enhancement under the ACCA. *Id*. at 2256, 2257.

Although any relief Movant may be entitled to would involve both a *Johnson* and *Mathis* analysis, "[a]s this Court and other courts have recognized, it is *Johnson*, and not earlier Supreme Court decisions such as *Mathis*, that may offer persons such as Movant relief from his status as an armed career criminal." *Redd v. United States*, 2017 WL 633850, at *3 (E.D. Mo. Feb. 16, 2017) (citing *Taylor v. United States*, 2016 WL 6995872, at *3–5 (E.D. Mo. Nov. 30, 2016)) (other citations omitted); *see also United States v. Ladwig*, 192 F.Supp.3d 1153, 1159-61 (E.D. Wash. 2016). This is because without *Johnson*'s invalidation of the residual clause, Movant

would not have a claim under *Mathis* that he is not an armed career criminal. It is clear after *Mathis*, that Movant's Missouri first-degree and second-degree burglary of an inhabitable structure convictions may no longer be a predicate ACCA violent felony as an enumerated offense, but these convictions would still have qualified, at the time of Movant's sentencing, as a predicate felony under the residual clause. *See United States v. Cantrell*, 530 F.3d 684, 695–96 (8th Cir. 2008) (holding that Missouri's second-degree burglary offense was categorically a "crime of violence" despite the statute's broad definition of "inhabitable structure."). "Only with *Johnson's* invalidation of the residual clause [can Movant] reasonably argue that he is no longer eligible for the ACCA enhancement." *Ladwig*, 192 F.Supp.3d at 1160-61; *see also Taylor*, 2016 WL 6995872, at *3.

Because *Johnson* provides Movant with an avenue of relief that was not previously available to him, his motion utilizes that decision and therefore relies on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). His motion is therefore timely.

### 3. **Movant's Status as an Armed Career Criminal**

In the instant motion, Movant asserts that none of his Missouri convictions for second-degree burglary of an inhabitable structure, sexual assault, possession of ephedrine with intent to manufacture methamphetamine, and first-degree burglary of an inhabitable structure qualify as predicate offenses now that *Johnson* has declared the ACCA's residual clause unconstitutional. Movant further asserts that his second-degree burglary of a building (committed at the same time as his manufacturing methamphetamine offense) never qualified as an ACCA predicate offense.

It is undisputed that Movant's conviction for manufacturing methamphetamine qualifies as an ACCA serious drug offense. The issue then is whether two of Movant's other convictions supply the necessary second and third violent felony. Although the Government concedes that Movant's sexual assault conviction is not an ACCA predicate offense post-*Johnson*, the Government opposes the motion. In particular, as to Movant's convictions for first-degree burglary of an inhabitable structure and second-degree burglary of an inhabitable structure, the Government argues they were both classified as violent felonies under the enumerated clause of the ACCA, not the residual clause. As to Movant's conviction for possession of ephedrine with intent to manufacture methamphetamine, the Government asserts that absent an applicable new rule of law, Movant is now barred from asserting it does not qualify as a serious drug offense.

As to Movant's conviction for second-degree burglary of a building which Movant committed at the same time he committed his manufacturing methamphetamine offense, the Government asserts that absent an applicable new rule of law, Movant is now barred from asserting this associated burglary conviction cannot *also* qualify as a predicate offense, even though these two offenses were committed simultaneously.

### 4. <u>Movant's Convictions for Burglary of an Inhabitable Structure</u>

The Court first addresses Movant's 1991 second-degree burglary of an inhabitable structure and his 2001 first-degree burglary of an inhabitable structure. Because *Johnson* invalidated the residual clause, those convictions count as ACCA predicate convictions only if they qualify under the enumerated clause. If a crime's "elements are the same as, or narrower than, those of the generic offense [of burglary,]" then that conviction may count under the enumerated clause; if the elements are broader, then that conviction may not. *Mathis*, 136 S. Ct. at 2249.

The Eighth Circuit recently held that Missouri's second-degree burglary statute, Mo. Rev. Stat. § 569.170(1), enumerates "at least two alternative elements: burglary 'of a building' and burglary of 'an inhabitable structure,' separated in the text by the disjunctive 'or.'" *United States v. Sykes*, 844 F.3d 712, 715 (8th Cir. 2016) (citing *Mathis*, 136 S.Ct. at 2256). Therefore, § 569.170(1) is divisible, and courts should apply the modified categorical approach to determine whether a conviction pursuant to § 569.170(1) matches the generic description of burglary. Under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)).

Here, the only issue is the locational element: "The generic offense [of burglary] requires unlawful entry into a 'building or other structure.'" *Mathis*, 136 S. Ct. at 2250 (citing *Taylor*, 495 U.S. at 598). Movant's two burglary convictions were for burgling an "inhabitable structure" in Missouri. (Doc. 1-1, 1-2.) That locational element, at first glance, seems to match the generic offense. However, under Missouri law, an "inhabitable structure . . . includes a ship, trailer, sleeping car, airplane, or other vehicle or structure . . . ." Mo. Rev. Stat. § 569.010(2). A conviction for burgling an "inhabitable structure," then, seems to cover a broader swath of

7

conduct than that of the generic offense. As such, on the record before the Court,[3] Movant's convictions for burgling an "inhabitable structure" do not appear to count as "violent felonies" under the enumerated clause of the ACCA.

Because Movant's 1991 second-degree burglary conviction and his 2001 first-degree burglary conviction cannot count under the residual clause, and – on the current record before the Court – do not appear to count under the enumerated clause, those convictions may not count as ACCA predicate convictions

5. **Movant is Not Procedurally-Barred from Asserting non-*Johnson* Claims**

Even if Movant procedurally defaulted some of his claims that are necessary for him to obtain relief (by not raising them on a direct appeal), "§ 2255 expressly makes relief available if 'the sentence was in excess of the maximum authorized by law[.]'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (citing *United States v. Neely*, 979 F.2d 1522, 1524 (11th Cir. 1992)). Movant's conviction for being a felon unlawfully in possession of a firearm would normally carry a maximum sentence of ten years' imprisonment. 18 U.S.C. § 924(a)(2). The sentencing court determined, however, that Movant had at least three predicate convictions,

---

[3] The Court is not convinced that an indictment using "inhabitable structure" as the locational element is *per se* broader than the generic offense after *Mathis*. *But see Bess*, 655 Fed. App'x. at 519. *Mathis* announced three purposes for its "elements vs. means" distinction: 1) the text of the ACCA favors that approach; 2) the potential conflict with *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and 3) the defendant may not have a reason to contest a "non-elemental fact" in the record of prior conviction. *Mathis*, 136 S. Ct. 2243, 2252-53. But there are situations where none of those concerns are present.

First, the modified categorical approach under the ACCA has always allowed the court to look at *some* facts, especially in the context of guilty pleas. *Shepard v. United States*, 544 U.S. 13, 26 (2005) ("We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.")

Second, defendants that plead guilty and consent to judicial fact-finding, as Movant did, waive their *Apprendi* rights. *Blakely v. Washington*, 542 U.S. 296, 310 (2004) ("[N]othing prevents a defendant from waiving his *Apprendi* rights.") And where a defendant concedes in his factual basis that he should be sentenced under Section 924(e), as Movant did, (crim. doc. 15 at 3), there is not a concern that "there may be [ ] doubt as to the judgment which should be given, if the defendant [pleads guilty.]" *Alleyne v. United States*, 133 S. Ct. 2151, 2160 (2013). Stated another way, the defendant knew and agreed that he was subject to the statutory-mandated fifteen-year minimum sentence prior to pleading guilty.

Third, there are certain situations where a defendant would have a pressing reason to contest the way in which he committed the crime. Therefore, at resentencing, the Court asks the Government to produce all *Shepard* documents from the predicate convictions so the Court can determine, consistent with its understanding of the spirit of *Mathis*, whether Movant's burglary convictions may count as ACCA predicate convictions.

8

which increased his potential sentence from a *maximum* of ten years' imprisonment to a *minimum* of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). As such, if a retroactively applicable change in the law establishes that Movant may not have three predicate convictions, then his fifteen-year sentence would be in excess of the maximum authorized by law. On the record before the Court, the Court cannot be certain that Movant has three predicate convictions, and Movant's sentence may be in excess of that authorized by law. Accordingly, Movant is not foreclosed from bringing his procedurally defaulted claims in this Section 2255 proceeding.

## 6. Movant's Conviction for Possession of Ephedrine with Intent to Manufacture Methamphetamine

For Movant's 2000 conviction for violating the Missouri offense of possession of ephedrine with intent to manufacture methamphetamine to qualify as an ACCA predicate offense, it must have qualified as either a "violent felony" under the residual clause or as a "serious drug offense."

Movant's 2000 possession of ephedrine with intent to manufacture methamphetamine conviction cannot have counted as an ACCA "serious drug offense" because that Missouri offense carries a maximum punishment of five-years in prison. The definition of "serious drug offense" under ACCA includes the condition that the prior drug conviction must have a maximum punishment of at least 10 years. Therefore at the time Movant was sentenced, his 2000 drug conviction could not have qualified as an ACCA "serious drug offense."

Since Movant's 2000 drug conviction could not have qualified as a "serious drug offense," the only other way for it to have qualified as a predicate offense at the time of his sentencing, would have been for it to qualify as a "violent felony" under the residual clause. However, post-*Johnson*, Movant's 2000 possession of ephedrine with intent to manufacture methamphetamine conviction cannot count as an ACCA "violent felony" under the residual clause since *Johnson* declared the residual clause unconstitutionally vague. Accordingly, Movant's 2000 drug conviction cannot count as an ACCA predicate conviction.

## 7. Movant's Conviction for Burglary of a Building

Movant has two potential ACCA predicate convictions from April 25, 2001: one for manufacturing methamphetamine, and another for burgling a building for the purpose of manufacturing methamphetamine. (Doc. 1 at 4; doc. 6 at 4.) Movant concedes that this conviction for manufacturing methamphetamine "is a serious drug offense and a predicate

9

conviction for the purposes of the ACCA." (Doc. 1 at 4.) Movant contends, however, that his simultaneous burglary of a building conviction cannot then count as a predicate conviction under the ACCA because it was part of a single criminal episode with his conviction for manufacturing methamphetamine. (*Id.*) Movant is correct.

"'[T]o qualify as predicate offenses under the [ACCA], each conviction must be a separate and distinct criminal episode, rather than part of a continuous course of conduct.'" *United States v. Willoughby*, 653 F.3d 738, 741 (8th Cir. 2011) (quoting *United States v. Deroo*, 304 F.3d 824, 828 (8th Cir. 2002)). When the offenses are committed essentially simultaneously, they are not "sufficiently separate and distinct to [both] serve as predicate ACCA convictions." *Id.* at 742. The record shows that Movant committed both offenses as part of a continuous course of conduct:

> [Movant] committed the Class C felony of burglary in the second degree in that one [sic] or about April 9, 2000, in Greene County, Missouri, the defendant, acting with others, knowingly entered unlawfully in a building, located at 726 South West Avenue, Springfield, Missouri, . . . for the purpose of manufacturing a controlled substance therein.

(Crim. doc. 18 at 13.)

Such continuous conduct is properly characterized as a single criminal episode; therefore, only one conviction from that criminal episode can count as a predicate conviction under the ACCA. *See Willoughby*, 653 F.3d at 741. And because Movant concedes that his 2001 controlled substance conviction for manufacturing methamphetamine was a "serious drug offense," that conviction is the only one that can count as his predicate conviction from that criminal episode. Accordingly, Movant's 2001 second-degree burglary conviction cannot count as a predicate conviction, and there is no need to determine whether his burglary conviction from that criminal episode qualifies as a "violent felony."

## Conclusion

In sum, in light of *Johnson*, Movant's 1991 second-degree burglary of an inhabitable structure conviction and Movant's 2001 first-degree burglary of an inhabitable structure conviction do not appear to count as predicate convictions. Movant's 2000 possession of ephedrine with intent to manufacture methamphetamine conviction cannot count as an ACCA serious drug offense, and can no longer count as an ACCA violent felony under the residual clause after *Johnson*. Additionally, because Movant's 2001 second-degree burglary of a building

conviction was part of a continuous course of conduct with an offense that Movant concedes counts as a predicate conviction, Movant's 2001 second-degree burglary of a building conviction cannot count as a predicate conviction.

Consequently, the Court is not certain that Movant has three ACCA predicate convictions that count as "violent felonies" or "serious drug offenses" under the ACCA, and he may be serving a sentence that is in excess of that permitted by the laws of the United States. Movant is therefore entitled to a resentencing hearing to determine whether he has three ACCA predicate convictions.

Accordingly,

**IT IS HEREBY ORDERED** that movant Michael Mitchell's Motion to Vacate, Set Aside, or Correct Sentence (doc. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that the judgment and commitment in *United States v. Michael Mitchell*, Case No. 09-03012-01-CR-S-RED is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall prepare an updated presentence investigation report on Mr. Mitchell. Movant is **GRANTED** a new sentencing hearing. Until the sentencing hearing, Mr. Mitchell's detention order remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 11, 2017